Gary E. Hinck, P.A.
511 SW Jackson Street
Topeka, KS 66603
(785) 267-7090
gh@kansasconsumer.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In Re: Julie Kathleen Munker                                    Case No.

### CHAPTER 13 PLAN

**DEBTOR:** Julie Kathleen Munker        Last 4 SSN 0370        7530 SW Blue Inn Place
                                                                                        Topeka, KS 66614

**YOUR RIGHTS WILL BE AFFECTED:** You should read these papers carefully, and then discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the Bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan. The contents of this plan represent an offer to creditors, any creditor not wishing to accept the terms of this plan should promptly file an objection. Failure to timely object shall be deemed an acceptance of the terms of this Chapter 13 plan.

**1. PLAN PAYMENT:**                    $ 100.00 monthly to be paid directly by Debtor.
                                                        Estimated plan length (months): 36

**2.        GENERAL PROVISIONS:** Based upon Debtor's Official Bankruptcy Form B22C, the Applicable Commitment Period for this plan is 36 months. In any event, Debtor reserves the right to extend the plan payments to 60 months. The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period. Debtor shall not be entitled to pay off the case sooner than the Applicable Commitment Period, except upon separate motion.

 IT IS_____IS NOT __XX__ ANTICIPATED THAT THERE WILL BE ANY FUNDS PAID TO GENERAL UNSECURED CREDITORS.

**MEDIAN INCOME:**
Debtor(s) contend median income is:
[ X ] less than        [  ] greater than the median income for this state and family size as outlined in 11 U.S.C. § 1322(d) and 1325(b)(4).

Page 1 of 8

**3. ADMINISTRATIVE:** Proposed pre confirmation attorney fees are $2,800.00 for the Basic Chapter 13 case. The Debtor(s) paid $0.00 to the attorney, prior to filing. The attorney fees will be paid over approximately 24 months, to the extent possible. Debtor(s) have proposed equal monthly installments to be paid to certain creditors. Once the attorney fees are paid, those funds that were designated for attorney fees will be paid pro rata to secured creditors, in addition to the proposed fixed monthly payment. The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by him. Counsel for Debtor(s) reserves the right to submit additional fee applications either on a time and charges basis or for specific tasks. The Debtor(s) consent(s) to such increases in plan payments as may be necessary to pay such additional payments.

**4. FILING FEE:** $54.00 toward the filing fee has been paid, with the balance of the filing fee of $220.00 to be paid by the Trustee from payments made by the Debtor(s).

**5. FINANCIAL MANAGEMENT COURSE FEES:** Financial Management Course fees of $75.00 will be paid to Housing and Credit Counseling at Topeka from the first payments made by the Debtor(s) to the Trustee upon a showing that the course has been completed AND the filing of a proof of claim by the credit counseling agency providing the instructional course concerning personal financial management required by 11 USC 111 and 1328(g)(1).
NONE

**6. TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR(S) FILED THIS BANKRUPTCY:** The prepetition portion will be paid to the Trustee after the payment of any amount that has been assigned to the Debtor's attorney immediately upon receipt of the refund by the debtor. Debtor's attorney has [  ], has not [ X ] taken an income tax assignment in this case.

**7. TAX RETURNS:** Required Federal and state tax returns for the preceding four years have been filed. Debtor(s) will timely file all tax returns during the pendency of this case.

**8. DOMESTIC SUPPORT OBLIGATIONS:** The Debtor(s) shall maintain current payments on all domestic support obligations during the time Debtor(s) is in bankruptcy. Any arrearage that existed as of the dating of the filing of the case will be paid through the plan. Below is a summary of all domestic support obligations owed, including child support, maintenance, property settlement and third party debt repayment.

The names of child support creditors, together with the approximate amount owed pre and post petition are as follows:

Child Support Creditor                                    Estimated Amount Owed
NONE                                                              $
(Debtor has provided to the Chapter 13 Trustee the correct address and phone number for each child support creditor.)

**9.      PRIORITY TAX CLAIMS:**  Debtor(s) shall pay all allowed priority claims under 11 USC 507, without post petition interest.   Debtor(s) estimates that the IRS is owed $_____0_____ (IRS),  and the State of Kansas is owed $**60.00**(KDOR).     Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor(s) for those taxes.  Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim.  Unless objected to, the claim shall be deemed allowed.  (Certain tax claims may be secured and will be treated accordingly, if they exist.)
NONE

**10.      PROPERTY TO BE SURRENDERED:**  The following property will be surrendered as indicated:

| COLLATERAL TO BE SURRENDERED | CREDITOR WITH SECURED CLAIM |
|---|---|
| Real Estate commonly known as | Wachovia Bank (1st Mortgage), Educational |
| 7625 SW 37th Street | Credit Union (2nd Mortgage) & Thomas Munker |
| Topeka, KS 66614 | |

          Surrender to Creditors and Co-Debtor

Any repossession/foreclosure prior to confirmation of this plan must be obtained by filing a motion and obtaining an order from the Court, unless the automatic stay no longer applies under 11 USC 362(c).  Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral.  This provision is not intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

**11.      REAL ESTATE MORTGAGES:**
Real Estate To Be Surrendered to Creditors and Co-Debtor.

**12.      SECURED CREDITORS, "910 CAR LOAN" CREDITORS AND "ONE YEAR LOAN" CREDITORS, OTHER THAN DEBTS SECURED BY REAL ESTATE.**   All secured creditors, 910 car loan {as defined by 11 USC 1325(a)(9)} and "One year loan" {as defined by 11 USC 1325(a)(9)} creditors shall retain their liens pursuant to 11 USC 1325(a)(5). Secured creditors listed below shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount rate.  ("Discount Rate" is "Till" rate, which is Prime plus 1.5%.) Creditors with 910 car loans will be paid the amount of their claim plus the current discount rate.  Secured creditors, 910 car loan creditors and One Year Loan creditors will be required to release their liens on the collateral at discharge. In the event adequate protection is paid, any adequate protection paid pre confirmation will be credited against the allowed principal secured portion of the creditor.  A CREDITOR MUST FILE A CLAIM TO OBTAIN ADEQUATE PROTECTION AND TO RECEIVE PAYMENTS UNDER THE PLAN.  THE PLAN, HOWEVER, WILL DETERMINE THE VALUE OF THE COLLATERAL UNLESS THE OBLIGATION IS A 910 CAR LOAN OR A ONE YEAR

LOAN CLAIM. All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). Secured creditors will be paid equal monthly payments from the funds available to pay those claims after the deduction of Trustee fees. Debtor(s) reserves the right to increase the payments to the secured creditors beyond the equal monthly payment, as Debtor(s) may be willing and able to pay. Debtor(s) propose(s) that creditors will be adequately protected by Debtor(s) promptly beginning to make payments under the plan and for the Trustee to disburse as soon as practicable. If confirmation is delayed, Debtor(s) will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed.

**13. SECURED CLAIMS - NON "910"and NON "ONE YEAR LOAN CREDITORS":**
NONE

**13(a). 910 Car Loan Creditors** The following creditors are "910" creditors, as defined in 11 USC 1325(a)(9) who claim a purchase money security interest in a motor vehicle. The Debtor may not cram down the value without the creditor's agreement if the collateral is a motor vehicle acquired for the personal use of the Debtor. The monthly payment specified is an estimate. The actual amount may vary, depending upon the allowed claim. If additional funds are available, payments may be increased to pay the claim more quickly than proposed.
NONE

**13(b). One Year Loan Creditors** The following creditors are One Year Loan creditors, as defined in 11 USC 1325(a)(9). Debtor proposes to pay these creditors the balance of the debt as indicated below. The following creditors have a purchase money security interest in personal property other than a motor vehicle acquired for the personal use of the Debtor. These claims are for debts incurred within the one-year preceding the filing of the bankruptcy petition. The monthly payment specified is an estimate. The actual amount may vary, depending upon the allowed claim.
**NONE**

**14. LIEN AVOIDANCES:** Debtor will seek to avoid the following liens under 11 USC 522(f) by the filing of an appropriate motion:
NONE

**15. SPECIAL CLASS CREDITORS:** Special Class Creditors, if any, are to be paid as specified and will be paid pro rata with secured creditors and arrearages on home mortgages, or after other creditors, unless otherwise specified.
NONE

**16. STUDENT LOAN OBLIGATIONS:** Current student loan payments shall be made

Case 09-40487    Doc# 3    Filed 04/03/09    Page 4 of 8

directly by the Debtor to the student loan creditor unless otherwise indicated.
Student loan creditors (on student loans that are not current) being paid by the Trustee, shall be paid, pro rata, with other unsecured creditors unless otherwise indicated. Debtor is aware that interest will continue to accrue, post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevail on the merits.
NONE

**17.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made direct to the creditor by the Debtor, unless otherwise specified.

The following Contract for Deed/Option or executory contract and unexpired lease is assumed pursuant to the specified terms and conditions, unless said contracts are cancelled by the creditor upon receiving notice of this filing:

| Vendor | Contract or Unexpired Lease |
|--------|------------------------------|
| T Mobile | Cell Phone Agreement |

No other executory contracts or unexpired leases are assumed by this plan.

**18.    PLAN AMENDMENTS:** Debtor(s) hereby reserve(s) the right to modify this plan pursuant to 11 USC 1329 and to include post-petition debt pursuant to 11 USC 1322(b)(6).

**19.    GENERAL UNSECURED CREDITORS:** General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form B22C or through satisfaction of the "best interests of creditors test" pursuant to 11 USC 1325(a)(4), or both, if applicable.

**20.    "BEST INTERESTS OF CREDITORS TEST."** Pursuant to 11 USC 1325 (a)(4), Debtor(s) propose(s) to pay **$0.00** to the Trustee for non-exempt property. This amount represents the liquidation value of the following property.

**LIQUIDATION ANALYSIS:**
NONE

**21.    PROPERTY OF THE ESTATE:** In addition to the property specified in 11 USC 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

Case 09-40487    Doc# 3    Filed 04/03/09    Page 5 of 8

**22.    EFFECT OF CONFIRMATION:  ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.   If a creditor files a secured claim that is not provided for in the plan, the claim will be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties.  All property of the estate will revest in the Debtors at discharge, unless otherwise ordered by the Court pursuant to 11 USC 1322(b)(9).  ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

Confirmation of the plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 USC 1322 and 1325 and that Debtors have fulfilled all of their pre confirmation obligations under 11 USC 521.

**MISCELLANEOUS PROVISIONS:**

If applicable, provisions F, G and H will not apply to Commerce Bank and Trust and Fidelity State Bank.

A.      Binding Arbitration.   The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.  Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

B.      Consumer Claims Not Waived.   Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release, or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Kansas Consumer Protection Act violations, Uniform Consumer Credit Code violations, Uniform Commercial Code violations, Truth in Lending Act violations, Home Equity Protection Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedures, or by the local rules of this Court.

C.     Debtor's Standing.   Confirmation of this plan shall vest in the debtor(s) or the Chapter 13 Trustee full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

D.     Credit Life Insurance.   This plan shall constitute a rejection by the debtor(s) and therefore a termination and a cancellation, effective on the date this case was filed, of any form of Credit Life Insurance, Credit Accident Insurance, Credit Health Insurance, Credit Property Insurance, GAP Insurance or any obligation to pay any type of fee, charge, expense, bonus, service charge, or expenses related thereto with any creditor duly listed in Schedules D, E, F, G, and H, or any amendments thereto, filed with this petition. Confirmation of this plan shall also constitute the entry of an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premiums or charges on such insurance to their allowed secured claims, if any, under this plan and to file an amended proof of claim with the trustee and to immediately turnover any excess rebates or refunds to the trustee for distribution under the plan.

E.     Extended Service Agreements.   This plan shall constitute a rejection by the debtor(s) and therefore a termination and a cancellation, effective on the date this case was filed, of any and all contracts or obligations of the debtor(s) for any form of Service Repair Contracts, Extended Warranty Contracts, or any service, warranty or repair contracts of any nature whatsoever with any creditor duly listed in Schedules D, E, F, G and H, or any amendments thereto, unless specifically assumed by this plan. Confirmation of this plan shall also constitute the entry of an order requiring all such creditors to immediately apply any rebates or refunds for all unearned premiums or charges on such contracts first to their allowed secured claims, if any, under this plan and to file an amended Proof of Claim and to immediately turnover any excess rebates or refunds to the Trustee for distribution under this plan.

F.     Waiver of Jurisdiction.   Confirmation of this plan shall constitute a waiver by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, of the right to have final orders in non-core matters entered only after de novo review in any proceeding so triable in this case or any case, controversy or proceeding related to this case, and of the right to have the Federal District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal.

G.     Consent to Jurisdiction.   Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditors or other parties duly listed in Schedules D, E, F, G and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by Section 157(c)(2) of Title 28 of the United States Code.

H.     Deficiency Claims After Stay Relief.   Any creditor holding a claim secured by property

which is removed from the protection of the automatic stay, whether by judicial action voluntary surrender, or other operation of the plan, will receive no further distribution from the trustee, other than funds accruing to such creditor, which are in the possession of the trustee at the time said property is removed from the protection of the automatic stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.  Any deficiency claims will only be allowed as general unsecured claims and not as secured or non-dischargeable post petition claims, and will be discharged as other unsecured creditors under this plan.

I.      Post-petition Debt.  Debtor(s) have not provided for the payment of post-petition debt in this plan, however, Debtor(s) reserve(s) the right to modify this plan to pay post-petition debt pursuant to 11 U.S.C. §1322(b)(6).

J.      Filing Claims.  All creditors who wish to participate in distributions under this plan must file two (2) Proof of Claim forms with the Clerk of the Bankruptcy Court and send one (1) copy to the attorney for the debtor listed at the top of this plan. [D. Kan. LBR 3001-1(a)]  All claims not filed in this manner will be disallowed.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution under the plan.


DATED: April 2, 2009                             s/ - Julie Kathleen Munker
                                                 Julie Kathleen Munker